UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

```
------------------------------------------------------------X
STUART APPELBAUM, JOHNNY WHITAKER,       *
MARSUE LANCASTER, EDDIE ALLEN, and       *
JOSEPH DORISMOND as Trustees and         *
Fiduciaries of the RETAIL, WHOLESALE AND *
DEPARTMENT STORE INTERNATIONAL           *
UNION AND INDUSTRY PENSION FUND,         *
                                         *
                       Plaintiffs,       *   Case No. 2:25-cv-286
                                         *
        - against -                      *
                                         *
SUGAR CREEK SCRAP, INC. and              *
ELISE LEVIN,                             *
                                         *
                       Defendants.       *
------------------------------------------------------------X
```

## COMPLAINT

The Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the Retail, Wholesale and Department Store International Union and Industry Pension Fund (the "Fund"), by their attorneys, Friedman & Anspach, complaining of Sugar Creek Scrap, Inc. ("Sugar Creek") and Elise Levin ("Levin") (together, "Defendants"), allege as follows:

## INTRODUCTION

1. Plaintiffs seek to recover withdrawal liability against Sugar Creek pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"), and the Reaffirmation and Restatement of Agreement & Declaration of Trust (the "Trust Agreement"), attached hereto as Exh. A, which governs the Fund.

1

2. Plaintiffs also seek to recover Sugar Creek's assets that were distributed to its shareholder, Levin, upon dissolution pursuant to Indiana Business Corporation Law, Indiana Code § 23-1-45-7.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to Sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1451(c).

4. Venue lies in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because Sugar Creek and Levin resided and conducted business within the district.

## PARTIES

5. The Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Fund was established pursuant to the terms of collective bargaining agreements between unions and various employers who are required to make contributions to the Fund on behalf of their employees who are covered by the collective bargaining agreements.

6. The Fund provides various pension benefits to covered employees, retirees, and their dependents.

7. The Fund's principal office is located at 1901 Tenth Avenue South, Birmingham, Alabama 35205.

8. The Trustees are the "plan sponsor" within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Fund, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

9. Sugar Creek was an Indiana corporation that maintained its principal place of business at 1201 W. National Ave., West Terre Haute, Indiana 47885.

10. Upon information and belief, Levin was Sugar Creek's principal and sole shareholder.

## WITHDRAWAL LIABILITY

11. At all relevant times, Sugar Creek was a party to and bound by a series of collective bargaining agreements ("CBAs") with Local 512, RWDSU/UFCW (the "Union"), the last of which was in effect from April 1, 2021 through March 31, 2024. See collective bargaining agreement between Sugar Creek and the Union, attached hereto as Exh. B.

12. Pursuant to these CBAs, Sugar Creek was obligated to pay and in fact did pay weekly contributions to the Fund on behalf of employees covered by the CBAs.

13. As a contributing employer, Sugar Creek was also bound by the terms of the Trust Agreement, as well as the Retail, Wholesale and Department Store International Union and Industry Pension Plan (the "Plan"), attached hereto as Exh. C.

14. According to the Fund's records, Sugar Creek ceased business operations on March 31, 2024.

15. Upon the cessation of business operations, Sugar Creek permanently ceased to have an obligation to contribute to the Fund.

16. Pursuant to ERISA Section 4203(a), 29 U.S.C. § 1383(a), such permanent

cessation of Sugar Creek's obligation to contribute to the Fund constitutes a "complete withdrawal" from the Fund.

17. Pursuant to ERISA Section 4201, 29 U.S.C. § 1381, Sugar Creek is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits.

18. In accordance with ERISA Section 4211, 29 U.S.C. § 1391, and Article XII, Section 6 of the Plan, the Fund has calculated Sugar Creek's withdrawal liability to be $931,568.

19. By letter dated June 21, 2024, in accordance with ERISA Section 4219(b)(1), 29 U.S.C. § 1399(b)(1), the Fund sent Sugar Creek a written demand for payment of its withdrawal liability, including a payment schedule, according to which Sugar Creek was obligated to pay eighty (80) quarterly payments of $4,794 per quarter commencing on August 20, 2024, and also advised Sugar Creek that the present value of the eighty (80) payments is $213,144. See letter from Fund Administrator Joshua Brewer ("Brewer") to Levin, dated June 21, 2024, attached hereto as Exh. D.

20. In response, by letter dated July 17, 2024, Sugar Creek's counsel informed the Fund that Sugar Creek was dissolved and attached a Certificate of Dissolution to that effect, dated April 30, 2024. See letter from Eric Frey ("Frey") to Brewer, dated July 17, 2024, attached hereto as Exh. E.

21. By letter dated August 26, 2024, the Fund notified Sugar Creek of its failure to make its withdrawal liability payments, and informed Sugar Creek that it had sixty (60) days to cure its default and make its withdrawal liability payments lest the entire amount of withdrawal

liability be accelerated. See letter from Brewer to Levin, dated Aug. 26, 2024, attached hereto as Exh. F.

22. In response, by letter dated September 6, 2024, Sugar Creek's counsel again informed the Fund that Sugar Creek was dissolved and claimed that it could not pay the amounts owed. See letter from Frey to Brewer, dated Sept. 6, 2024, attached hereto as Exh. G.

23. To date, Sugar Creek has not made any withdrawal liability payments to the Fund.

## FIRST CAUSE OF ACTION
## WITHDRAWAL LIABILITY OF SUGAR CREEK

24. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 23.

25. To date, Sugar Creek has not made the initial quarterly payment or any subsequent payments and has thus failed to make its quarterly withdrawal liability payments under ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A).

26. Thus, by failing to make its quarterly withdrawal liability payments within sixty (60) days of receiving notice of such failure, Sugar Creek defaulted on its withdrawal liability obligations to the Fund under the provisions of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), in which case the plan sponsor may require immediate payment of the outstanding amount of Sugar Creek's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made, pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

27. The entire outstanding balance of Sugar Creek's withdrawal liability ($931,568), plus interest running from August 20, 2024, the date the first delinquent payment was

due, is therefore due and owing pursuant to ERISA Sections 515 and 4219(c)(5), 29 U.S.C. §§ 1145, 1399(c)(5), and Article VIII, Section 5 of the Trust Agreement.

28. In accordance with ERISA Sections 502(g)(2)(B) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B) and 1451(b), and 29 C.F.R. § 4219.32, and as provided in Article XII, Section 15 of the Plan, the Fund is entitled to receive interest at the rate of eighteen percent (18%) per annum on delinquent withdrawal liability payments from the date due to the date the delinquency is paid.

29. In accordance with ERISA Sections 502(g)(2)(C)-(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C)-(D) and 1451(b), Sugar Creek is obligated to pay the greater of liquidated damages in the form of twenty percent (20%) of the unpaid amount due and owing, or additional interest in the amount set forth above; plus costs and attorneys' fees.

## SECOND CAUSE OF ACTION
## SHAREHOLDER LIABILITY

30. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 29.

31. Indiana Business Corporation Law requires dissolved corporations to notify claimants of certain procedures to resolve their claims. See IN Code §§ 23-1-45-6 and 23-1-45-7 (2024).

32. Indiana Business Corporation Law provides claimants the right to sue: "(1) against the dissolved corporation, to the extent of its undistributed assets; or (2) if the assets have been distributed in liquidation, against a shareholder of the dissolved corporation to the extent of the shareholder's pro rata share of the claim or the corporate assets distributed to the shareholder in liquidation, whichever is less, but a shareholder's total liability for all claims under this section may not exceed the total amount of assets distributed to the shareholder." Id. at § 23-1-45-7(d).

33. Indiana Business Corporation Law also states: "For purposes of this section, 'claim' does not include a contingent liability or a claim based on an event occurring after the effective date of dissolution." Id. at § 23-1-45-6(f).

34. Sugar Creek's withdrawal liability was triggered on March 31, 2024 when it ceased business operations.

35. Sugar Creek dissolved on April 30, 2024.

36. Sugar Creek failed to comply with Indiana Business Corporation Law when it failed to notify the Fund as to how it could resolve its claim for withdrawal liability which arose prior to the dissolution.

37. In accordance with § 23-1-45-7(d) of the Indiana Code, the Fund is entitled to judgment against Sugar Creek "to the extent of its undistributed assets" and/or "if the assets have been distributed in liquidation, against [Levin] to the extent of the shareholder's pro rata share of the claim or the corporate assets distributed to the shareholder in liquidation." Id. at § 23-1-45-7(d).

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Sugar Creek and Levin, as follows:

(a) As for the first cause of action, withdrawal liability against Sugar Creek in the amount of $931,568 pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), and ERISA Section 515, 29 U.S.C. § 1145; plus interest at the rate of eighteen percent (18%) per annum from the date due until the date on which judgment is entered; plus the greater of liquidated damages

in the amount of twenty percent (20%) of its outstanding withdrawal liability, or additional interest in an amount equal to the interest described above; plus attorneys' fees and costs; plus such other relief as the Court deems appropriate; and

(b) As for the second cause of action, withdrawal liability against Levin to the extent of Levin's pro rata share of the withdrawal liability or the corporate assets distributed to Levin in liquidation, whichever is less.

Dated: June 18, 2025

/s/Jeffrey A. Macey
Jeffrey A. Macey, #28378-49

Macey Swanson LLP
429 N. Pennsylvania Street,
Suite 204
Indianapolis, IN 46204
(317) 637-2345
jmacey@maceylaw.com

Jae W. Chun
Benjamin Hollander
(*applications for pro hac vice admission forthcoming*)

FRIEDMAN & ANSPACH
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500
jchun@friedmananspach.com
bhollander@friedmananspach.com

*Attorneys for Plaintiffs*